# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22979-Civ-WILLIAMS/TORRES

EDG HOSPITALITY MIAMI
AIRPORT, LLC,

    Plaintiff,

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA and GRANITE
STATE INSURANCE COMPANY,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Indemnity Insurance Company of North America's and Granite State Insurance Company's (collectively, "Defendants") motion to dismiss EDG Hospitality Miami Airport, LLC's ("Plaintiff") amended complaint. [D.E. 16]. Plaintiff responded to Defendants' motion on September 8, 2020 [D.E. 20] to which Defendants replied on September 15, 2020. [D.E. 21]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion to dismiss should be **DENIED**.[1]

---

[1] On August 25, 2020, the Honorable Kathleen Williams referred Defendants' motion to dismiss to the undersigned Magistrate Judge for disposition. [D.E. 17].

## *I. BACKGROUND*

This is an insurance coverage dispute that Plaintiff filed on June 24, 2020 in Florida state court (and that Defendants later removed under the Court's diversity jurisdiction) for property damage and a loss in business operations at Plaintiff's hotel.[2] Plaintiff alleges that Defendants issued an insurance policy with an effective date of September 20, 2016 through December 1, 2018 for coverage to all risks, including damages resulting from water loss. On October 15, 2018, Plaintiff's hotel sustained significant damages because of a fourth-floor plumbing leak. The hotel was under construction at the time of the loss, and the leak caused substantial damage to rooms, hallways, common areas, and the lobby. Plaintiff also suffered a loss in business operations and income associated with delays in the construction of the hotel. In compliance with the terms of the insurance policy, Plaintiff timely notified Defendants of the loss.

Defendants acknowledged receipt of the loss and assigned Plaintiff a claim number. Plaintiff then hired a public adjuster who, in turn, prepared an estimate of Plaintiff's damages. To help evaluate the insurance claim, Plaintiff made the hotel available for inspection and gave Defendants all the required documentation. But, to date, Defendants have failed to compensate Plaintiff for all of damages sustained to the hotel. Therefore, Plaintiff filed a single count complaint for breach of contract to recover damages, court costs, and attorney's fees.

---

[2] The hotel is located at 3499 NW 25th Street in Miami, Florida 33142.

## *II. APPLICABLE PRINCIPLES AND LAW*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*.; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these

principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

### III. ANALYSIS

Defendants' motion seeks to dismiss Plaintiff's amended complaint because it fails to provide sufficient factual allegations to state a claim for breach of contract. Defendants argue that there are no allegations defining the nature of Plaintiff's damages, facts related to the insurance contract, or the terms that Defendants breached. In other words, Defendants reason that the complaint contains nothing more than barebones allegations and that – aside from the identification of the parties, the hotel, the policy number, the date of loss, and the damage due to a plumbing leak – Defendants can only speculate as to how they breached the insurance contract. Plaintiff fails to allege, for example, a plethora of details about the loss including:

> [W]hat part of the Property was damaged (pertinent information because the Policy excludes certain types of damage), what "business operations" were impacted (pertinent information because the Policy covers only certain business operations), what repairs or reimbursements were necessary (pertinent information because the Amended Complaint concedes that Insurers reimbursed for some repairs), what specific Policy provisions Insurers breached by not covering the loss, or what portions of the claim Insurers declined to cover under the Policy.

4

[D.E. 16 at 5]. Because Plaintiff's complaint is hopelessly conclusory, fails to give fair notice of the allegations presented, and omits the required elements to state a claim for breach of contract, Defendants conclude that their motion to dismiss must be granted.

Plaintiff's response is that it has alleged every required element to state a claim for breach of contract. Plaintiff takes issue, for instance, with Defendants' assertion that it failed to allege a "breach" of the insurance contract when Plaintiff can point to several paragraphs where the necessary allegations are presented in the amended complaint:

> 24. The damages to the Property resulting from the Loss are covered by the Policy issued by the Insurance Company to EDG, but the Insurance Company has failed to properly adjust the Claim in accordance with the terms and conditions of the Policy, including but not limited to the loss payment provisions of the Policy.
> 27. The Insurance Company failed to comply with the above-mentioned demands for payment and therefore breached the Policy.
> 28. The failure to fully indemnify EDG for the direct physical loss to the Property constitutes a material breach of the Policy.
> 35. The Policy required the Insurance Company to pay for all direct physical damage to the Property unless specifically excluded by the Policy.
> 36. The Policy required the Insurance Company to pay for all additional expenses and costs during the delay period caused by the Loss[.]
> 37. The Insurance Company has breached the Policy by failing to fully cover and issue payment to EDG for the all damages sustained from the Loss and owed under the contract.

[D.E. 12 at ¶¶ 24, 28, 36-37 (alteration in original)].

Plaintiff also argues that there is no requirement for it to describe with particularity the damages suffered. Instead, Plaintiff asserts that an allegation that it suffered damages complies with the requirements under Fed. R. Civ. P. 8

5

and that there is nothing more required to state a claim for breach of contract. *See, e.g.*, *Batlle v. Wachovia Bank, N.A.*, 2011 WL 1085579, at *3 (S.D. Fla. Mar. 21, 2011) ("The Federal Rules of Civil Procedure do not require that Plaintiffs set out in detail the facts upon which their breach of contract claim is based.") (citing *Iqbal*, 556 U.S. at 679); *Pacific Ins. Co. v. Aviara Homeowners Ass'n, Inc.*, 2010 WL 11561197, at *2 (S.D. Fla. Oct. 5, 2010) (denying motion to dismiss because the defendant "cites no authority to support the proposition that to survive a motion to dismiss, a party must identify with particularity the damaged property covered by an insurance policy."). And even if more specificity was required, Plaintiff claims that it met that threshold with allegations that the hotel sustained damages due to a plumbing leak, that business operations were disrupted, and that Defendants failed to compensate Plaintiff as required under the insurance policy.

Plaintiff suspects that Defendants are indirectly trying to impose the heightened pleading requirements that are generally applicable under Rule 9. But, Plaintiff argues that Rule 9 does not apply to the facts of this case because the only count is premised on a breach of contract claim – not fraud. *See Frontier Nat'l Corp. v. St. Paul Mercury Ins. Co.*, 2015 WL 12747660, at *4 (N.D. Ala. Mar. 23, 2015) ("Defendant also argues that plaintiff failed to comply with Rule 9(b), requiring plaintiffs to allege fraud with particularity, but Rule 9(b) does not apply here. Plaintiff is alleging breach of contract and bad faith against its insurance company. It is not alleging that defendant participated in fraud"). Because Rule 9 does not

6

apply and every element to allege a breach of contract claim is presented in the amended complaint, Plaintiff concludes that the motion to dismiss must be denied.

Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'" *Oriole Gardens Condos., III v. Indep. Cas. & Sur. Co.*, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008); *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). An injured party in a breach of contract is entitled to recover those damages that "naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Here, the parties disagree on whether the amended complaint presents enough factual allegations to state a claim for breach of contract. Defendants rely primarily on two cases in support of their position. The first is Judge Scola's decision in *Garcia v. Scottsdale Ins. Co.*, 2018 WL 3432702, at *1 (S.D. Fla. July 16, 2018). There, the court granted an insurer's motion to dismiss because – although the plaintiff alleged that his property was insured and that it suffered water damage on a particular date – the complaint contained nothing more than legal

conclusions and failed to present any facts on what provision of the contract the insurer breached. The court also found that the insured failed to allege "what part of his property was damaged, what caused the damage, what repairs were necessary, what policy provisions Scottsdale breached by not covering his loss, or even what portions of his claim Scottsdale declined to cover under his policy." *Id*. at *2.

Defendants reason that Plaintiff has made the same mistake in this case because there are only allegations that Plaintiff's "business operations" were interrupted with no factual allegations to identify the nature of the loss or the specific policy terms that were breached. Although *Garcia* is relevant to the extent that it involved a motion to dismiss on a breach of contract claim, the case is not analogous when compared to the allegations presented. The insured in *Garcia* failed to state a claim primarily because he only referenced a claim number and omitted any other facts to give notice of his dispute with the insured. *Id*. at *2 ("[T]he mere citation of the claim number in Garcia's complaint does not put the Court on notice as to the nature of his actual dispute with Scottsdale. Furthermore, his citing only the claim number does not give Scottsdale adequate notice of Garcia's legal theories to which it must respond.").

Yet, in this case, there are far more allegations to state a breach of contract claim. Plaintiff alleges, for example, that a contract existed between the parties, that the insurance policy provided for all losses or damages to the hotel [D.E. 12 at ¶ 12], that a plumbing leak damaged the "rooms, hallways, common areas and

lobby below," *id.* at ¶ 10, that Plaintiff complied with all terms and condition of the policy (including making it available for Defendants' inspection), *id.* at ¶ 23, and that Plaintiff suffered damages when Defendants violated the loss payment provisions of the policy, *id.* at ¶ 24. Defendants claim that these allegations are same as the ones in *Garcia*, but they are not even remotely similar because Plaintiff has identified exactly how Defendants breached the underlying insurance contract.

Defendants also double down on the argument that Plaintiff failed to allege what provision of the contract was breached. But, Plaintiff specifically identified the relevant contractual provision. [D.E. 12 at ¶ 24 ("The damages to the Property resulting from the Loss are covered by the Policy issued by the Insurance Company to EDG, but the Insurance Company has failed to properly adjust the Claim in accordance with the terms and conditions of the Policy, including but not limited to the *loss payment provisions* of the Policy.") (emphasis added)]. Plaintiff even went one step further and quoted the relevant provision of the policy in the amended complaint and then attached the policy as an exhibit to the pleading.[3] It is therefore unclear as to how Defendants can argue that they are not on notice when Plaintiff referenced the contract, attached it to the pleading, and then quoted the relevant provision that Defendants breached in the amended complaint. *See Palma Vista Condo. Ass'n of Hillsborough Cty., Inc. v. Nationwide Mut. Fire Ins. Co.*, 2010 WL 2293265, at *2 (M.D. Fla. June 7, 2010) (denying motion to dismiss because "[a]lthough Defendant contends that Plaintiff does not identify the specific

---

[3]   The relevant provision provides that the insurer will cover direct costs for physical loss or damage caused to a building or structure during the course of its construction. This includes the loss of business income.

9

provisions of the policies it asserts Defendant breached, Plaintiff alleges that Defendant breached the 'collapse' coverage provision of the policies.").

Putting that aside, Defendants hang their hat on the court's reasoning in *Garcia* where it stated that the insured failed to allege "what part of his property was damaged, what caused the damage, what repairs were necessary, what policy provisions [the insurer] breached by not covering [the insured's] loss, or even what portions of [the insured's] claim [the insurer] declined to cover under [the insured's] policy." *Garcia*, 2018 WL 3432702, at *2. Defendant takes these omissions as absolute requirements to state a breach of contract claim. But, the court did no such thing. It only highlighted how badly the complaint was drafted and then listed a variety of factual allegations that *could have* put Defendant on notice of the breach of contract claim. Indeed, courts have not required anything close to the specificity that Defendants demand:

> Aviara alleges that it "sustained significant damage to its property as a result of Hurricane Wilma, including, but not limited to, damage to the roofs, common landscaping, and fencing." Aviara further alleges that "[t]he aforementioned damages suffered by Aviara are covered by, and not excluded by, the Policy [and that] "[a]ll conditions precedent have been met, waived and/or excused." Moreover, Aviara alleges that Pacific Insurance breached the Policy by failing to provide coverage for Aviara's claim and that "[a]s a result of Pacific's breaches of the Policy, Aviara has suffered damages in excess of the jurisdictional limit of this Court." Aviara's allegations adequately state a claim for breach of contract.

*Pacific Ins. Co.*, 2010 WL 11561197, at *3 (internal citations omitted). And even if *Garcia* imposed all these additional requirements (assuming, of course, that the case was somehow binding authority) to state a breach of contract claim, that would still not justify dismissal because Plaintiff identified the parts of his property that

10

were damaged (i.e. the rooms, hallways, common areas, and lobby), the cause of the damage (i.e. a plumbing leak), and the policy provision that Defendants breached. Nothing more is required when coupling these facts with all the other allegations in the amended complaint.

Defendants then rely on Judge Moore's decision in *Suastegui v. Geovera Specialty Insurance Company*, 2020 U.S. Dist. LEXIS 124348 (S.D. Fla. July 14, 2020), where the court also granted an insurer's motion to dismiss. The court found, in that case, that the allegations were defective for the same reasons as *Garcia* because (1) there were insufficient facts that put Defendant on notice of the claims against it, (2) the only description of the underlying insurance policy was that it covered "damages," (3) there was no assertion that the policy covered the loss, and (4) there were inadequate allegations on how the plaintiff suffered damages or whether the damages fell within the scope of the policy's coverage. *Id*. at *5-6. Indeed, the only allegation in *Suastegui* was that the loss was covered under the insurance policy and that the defendant failed to pay the required amount under the contract and Florida law. And making matters worse, the plaintiffs sought damages for the recovery of two separate windstorms but never articulated whether the amount owed was for one or two losses. So, the court had no other choice but to dismiss the plaintiffs' complaint because it was unclear and failed to allege sufficient facts in support of a breach of contract claim.

Nothing in *Suastegui* changes the outcome here because, for the reasons already stated, Plaintiff has alleged every required element to plead a breach of

contract claim. Plaintiff has alleged a contract, identified the loss suffered, explained how Defendant breached the parties' agreement, and demanded damages. In other words, the amended complaint is nowhere near the defective pleading in *Suastegui*. And to the extent anything remains unclear on how Defendant breached the underlying insurance policy and whether the claim will be viable going forward, "the discovery process will afford Defendant the opportunity to explore further the factual basis of Plaintiff's claim and to narrow the issues concerning the [policy's] specific terms." *Palma Vista Condo. Ass'n of Hillsborough Cty., Inc.*, 2010 WL 2293265, at *2. Accordingly, Defendants' motion to dismiss should be **DENIED** because "the Federal Rules do not require each element of a claim to be set forth in minute detail," and Plaintiff has otherwise alleged every requirement to set forth a breach of contract claim. *Beacon Coll., Inc. v. Philadelphia Indem. Ins. Co.*, 2006 WL 485101, at *3 (M.D. Fla. Feb. 28, 2006) (denying motion to dismiss because the plaintiff alleged a valid insurance contract, a loss covered under the policy, and damages).

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss [D.E. 16] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the

Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of September, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge